UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN VINCENT CHILDS,

     Plaintiff,

v.

    Case No. 20-13094
    Honorable Laurie J. Michelson

UNITED STATES OF AMERICA,
UNITED STATES POSTAL SERVICE, and
RYAN NEIGHBORS,

     Defendants.

_____

**ORDER DISMISISNG CLAIMS AGAINST
THE UNITED STATES OF AMERICA AND THE UNITED STATES POSTAL
SERVICE FOR LACK OF SUBJECT-MATTER JURISDICTION**

_____

Glenn Childs filed this lawsuit alleging that postal carriers lost or misdelivered documents relating to a prior lawsuit, causing that suit to be dismissed. For the reasons set out below, the Court will dismiss Childs' claims against two of the three defendants for lack of subject-matter jurisdiction.

In 2016, Childs sued his former employer, alleging that his employer discriminated against him based on race and disability. *See Childs v. Guardian Alarm*, No. 16-1416, slip op. at 1–2 (E.D. Mich. Sept. 11, 2019). The case was assigned to United States District Judge Gershwin A. Drain. Despite orders by Judge Drain, Childs did not promptly serve the defendants, and in fact, two defendants were never served. *See id.* at 4 & n.9. The parties later agreed to dismiss the case without prejudice, and Judge Drain entered a corresponding order. *See id.* at 4.

After a few months, Childs moved to reopen the lawsuit on the basis that his mail had been tampered with. *Id.* Judge Drain denied Childs' motion, explaining that he had sued with only two days left on the statute-of-limitations clock, and those two days elapsed after the case had been

dismissed without prejudice. *Id.* at 6–7. Although Childs' state-law claim was not subject to the statute-of-limitations bar, Judge Drain declined to exercise subject-matter jurisdiction over that claim. *Id.* at 8.

In November 2020, Childs filed this pro se lawsuit. As defendants, he lists the United States of America, the United States Postal Service, and Ryan Neighbors (allegedly the "Tort Claims Examiner/Adjudicator, United States Postal Service"). Childs' complaint lists various federal laws that Defendants allegedly violated or that purportedly establish this Court's subject-matter jurisdiction: 28 U.S.C. § 2401(b), 28 U.S.C. § 2680(B), 39 C.F.R. § 912.9(A), the First Amendment of the Constitution, the Federal Tort Claims Act, Title VII of the Civil Rights Act of 1964, and 18 U.S.C. §§ 1703, 1709. (*Id.* at PageID.4.) Childs claims that postal carriers "negligently los[t] [his] property court ordered process of service documents [and] deliver[ed] some documents to wrong unknown people [and] then created electronic records that they had been delivered to [the] address[ed] defendants in case 16-cv-14167 stated 2 defendants were never served." (*Id.* at PageID.5.) Childs says this forced him to dismiss his employment-discrimination case before Judge Drain despite that he had "a good chance to win 300,000." (*Id.*) As for Neighbors, Childs says that Neighbors failed to identify or discover the postal carriers who lost or misdelivered his mail. (*Id.*)

The Court finds that the United States of America and the USPS are entitled to sovereign immunity, and thus, the Court lacks subject-matter jurisdiction over Childs' claims against those two defendants. Given that Childs references the Federal Tort Claims Act, names "Tort Claims Examiner/Adjudicator, United States Postal Service" as a defendant, and seeks money damages, the Court construes Childs' complaint as brought under the FTCA. And "[t]he FTCA waives the United States' sovereign immunity for certain torts committed by federal employees while acting

in the scope of their employment." *Does 1–10 v. Haaland*, 973 F.3d 591, 596 (6th Cir. 2020); *see also* 28 U.S.C. § 1346(b). But there are limits to the FTCA's waiver of sovereign immunity. As relevant here, the United States has not waived sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b). Because Childs' suit is based on lost or misdelivered mail, it falls within § 2680(b). And Childs only seeks damages, not forward-looking injunctive relief. *See Armstrong v. Exceptional Child Ctr., Inc.*, 575 U.S. 320, 326 (2015). So the United States and the USPS are entitled to sovereign immunity, and this Court lacks subject-matter jurisdiction over Childs' claims against them. *See Johnson v. United States*, 529 F. App'x 474, 474 (6th Cir. 2013) (affirming dismissal of suit for lack of subject-matter jurisdiction where claim fell within § 2680(b)); *Cikraji v. Cikraji*, 168 F.3d 489 (6th Cir. 1998) (same).

That seemingly smooth analysis actually has a wrinkle to iron out. It appears that the Courts of Appeals do not agree on whether § 2680(b)'s exception covers intentional acts by the Postal Service. *Compare Colbert v. U.S. Postal Serv.*, 831 F. Supp. 2d 240, 243 (D.D.C. 2011) (no), *with Levasseur v. U.S. Postal Serv.*, 543 F.3d 23, 24 (1st Cir. 2008) (yes). Some courts have reasoned that Section 2680(b)'s lost-mail exception is limited to negligent acts, and, if that is true, then the United States has waived sovereign immunity for intentional wrongs by a postal carrier. Here, Childs includes 18 U.S.C. § 1703 and § 1709 in the list of federal laws that the United States and the USPS allegedly violated (ECF No. 1, PageID.6), and these two statutes criminalize intentional wrongdoing by postal-service employees. But merely listing a statute is not the same as pleading facts, and Childs expressly alleges that "postal carrier or carriers *negligently* los[t] [his] property," and he expressly complains of the "*negligent* actions of the mail carrier." (ECF No. 1, PageID.5–

6 (emphases added).) So even if a plaintiff can sue under the FTCA for intentional wrongdoing by a postal carrier, Childs has not pled that those are the facts of his case.

That leaves Childs' claim against Neighbors. What has been said about sovereign immunity would apply just as well as to Neighbors except that it is not clear from Childs' complaint whether Childs has sued Neighbors in his individual or official capacity. Sovereign immunity does not extend to federal government officials sued in their individual capacity. *See Krusinski v. U.S. Dep't of Agric.*, 4 F.3d 994 (6th Cir. 1993).

For the reasons given, the United States of America and the USPS are entitled to sovereign immunity, and Childs' claims against them are DISMISSED for lack of subject-matter jurisdiction. Child's individual-capacity claims against Neighbors remain part of this case.

SO ORDERED.

Dated: January 6, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE