UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLENN VINCENT CHILDS,

     Plaintiff,

v.

RYAN NEIGHBORS,

     Defendant.

Case No. 20-13094
Honorable Laurie J. Michelson

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [43]

Glenn Childs sued the United States Postal Service and postal-service employee Ryan Neighbors, alleging that mail carriers for the postal service misdelivered documents for a prior lawsuit, which contributed to that suit being dismissed.

In a January 6, 2021, decision, the Court dismissed the United States of America and the United States Postal Service, finding that they were entitled to sovereign immunity. *Childs v. United States*, No. 20-13094, 2021 WL 51389 (E.D. Mich. Jan. 6, 2021) *available at* (ECF No. 5). But an individual-capacity claim against Neighbors remained.

The case proceeded, and Neighbors did not answer Childs' complaint. Eventually, Childs sought and obtained a clerk's entry of default against Neighbors. (ECF No. 26.) Later, Neighbors moved to set aside the default, claiming he was never served and only learned of the lawsuit when the postal-service lawyers reached out

to him about it. (ECF No. 30.) Neighbors also moved to dismiss all the claims against him. (*Id*.) In response, Childs moved for a default judgment and to strike Neighbors' motion. (ECF Nos. 31, 34.)

In a recent opinion and order, the Court granted Neighbors' motion to set aside the default judgment because he was not served in accordance with the rules governing service; but given Neighbors' appearance and request to dismiss the case on the merits, the Court deemed Neighbors served. *Childs v. Neighbors*, No. 20-13094, 2023 WL 2174480, at *7 (E.D. Mich. Feb. 22, 2023), *available at* (ECF No. 37, PageID.204). The Court then granted Neighbors' motion to dismiss, finding that Childs failed to state a claim upon which relief could be granted. *Id*. at *5. It also denied Childs' motion for a default judgment and motion to strike. *Id*. at. *7. The Court entered a final judgment dismissing Childs' claims. (ECF No. 38.)

Now before the Court is Childs' motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), which asks the Court to reinstate the entry of default against Neighbors. (ECF No. 43.)

 For the reasons explained below, the Court will deny Childs' motion.

## I.

Rule 59(e) provides that a party may move "to alter or amend a judgment" within 28 days of entry of judgment. Relief under this provision is discretionary. *Brumley v. United Parcel Service, Inc.*, 909 F.3d 834, 841 (6th Cir. 2018). "A district court may alter or amend its judgment based on (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

prevent manifest injustice." *Id.* Importantly, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

Childs' motion does not meet this standard.

To start, it is unclear upon what basis the motion relies. It does not appear to invoke any newly discovered evidence or an intervening change in controlling law, so the Court assumes Childs believes either that the Court made a clear error of law or that the judgment should be amended to prevent manifest injustice. Specifically, Childs raises two issues with the judgment. First, he says that the Court improperly relied on Neighbors' and Carrie Fezette's declarations—he maintains the declarations were deficient because they were not signed by an attorney (and did not include an email or phone number) in violation of Federal Rule of Civil Procedure 11(a). (ECF No. 43, PageID.230.) Second, he says that the Department of Justice and Neighbors were required to file a written notice and get approval from the Court in order for DOJ attorneys to represent Neighbors in his individual capacity. (*Id.* at PageID.229 (citing 28 CFR § 50.15).) Both arguments fail.

Childs' first argument is an attempt to relitigate matters that he previously raised and that the Court addressed in its opinion and order denying his motion to strike and dismissing his complaint. (*See* ECF No. 34, PageID.173 (stating in Childs' motion to strike that "THE DECLARATION OF CARRIE A. FEZETTE VIOLATES 18 U.S. CODE 1702 AND USPS GENERAL RULE 771.1 . . . . THE DECLARATION

OF RYAN NEIGHBORS IS IN VIOLATION OF FED R. OF CIV P 11 (A)(B)(1)(2)(3)(4) AND FED R OF CIV P 9(B) AND THE MOVANT REQUESTS IT BE REMOVED FROM THE RECORD.").) The Court rejected Childs' argument, noting that it relied on the declarations for just two basic facts: (1) "Neighbors was not working at the National Tort Center when Childs tried to serve him there," and (2) "Neighbors did not authorize [Fezette] or anyone else to accept service for him." *Neighbors*, 2023 WL 2174480, at *7. The Court saw no reason to disregard those two basic facts and noted that the declarations pertained to the issue of service. *Id.* But as the Court did not dismiss the lawsuit because of failure to serve, Childs' arguments as to the declarations did not make any difference in the Court's ultimate decision. *Id.*

Putting aside Childs' attempt to relitigate this issue, the Court's reliance on the declarations was not clear error. For one, Childs appears to misunderstand the signature requirements of Rule 11. The rule does not mandate that attorneys separately sign a declaration that is included as an exhibit attached to a motion. Rule 11(a) specifies that:

> Every *pleading, written motion, and other paper* must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a) (emphasis added).

Here, Neighbors' attorney signed the motion to which the declarations were attached, and provided his address, email address, and phone number in full

compliance with the signature requirements of Rule 11. (*See* ECF No. 30, PageID.107.) Moreover, the declarations themselves were proper—they were signed by Neighbors and Fezette and included a date of execution and a sworn statement of their accuracy under the penalty of perjury. *See* 28 U.S.C. § 1746. Thus, the Court finds no clear error of law or manifest injustice in its reliance on the declarations for two basic facts supporting its decision to set aside the entry of default.

Childs' second argument fares no better. Childs says federal regulations require written consent and approval from the Court before DOJ attorneys may represent Neighbors in his individual capacity. But Childs never raised that issue before and does not explain why he was unable to do so.

In any event, the cited regulation imposes no such requirement. Instead, the regulation provides that federal employees who believe they are entitled to representation from the DOJ must submit a written request to their supervisors—meaning the provision relates to internal federal government processes and decisions pertaining to the legal representation of federal employees. *See* 28 CFR § 50.15 (a)(1). The language of the regulation makes clear that it is for the government—not the courts—to determine whether it intends on representing a federal employee sued in his or her individual capacity. *See Rodriguez v. Shulman*, 843 F. Supp. 2d 96, 100 (D.D.C. 2012) ("[T]he language of the regulation makes clear it is for the Government to determine whether federal employees should receive representation."); *see also Heimberger v. Pritzker*, No. 2:12-CV-01064, 2014 WL 1050341, at *6 (S.D. Ohio Mar. 17, 2014) ("[R]egardless of Plaintiff's subjective belief, or whether the Court has any

doubts as to whether [Defendant's alleged conduct] really was performed 'within the course and scope of his employment,' the United States may, at its discretion, provide representation for Defendant." (citations omitted)). So this too provides no basis for altering or amending the judgment.

## II.

In sum, the Court finds that Childs has provided no basis warranting an amendment of the judgment under Rule 59(e). Accordingly, Childs' motion for reconsideration (ECF No. 43) is DENIED.

SO ORDERED.

Dated: August 16, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE